IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE A. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NUMBER: |
| | ) | 5:11-cv-01111-ER |
| TRISTAR PRODUCTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT TRISTAR PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION...................................    1

II.   ARGUMENT........................................    3

    A.   To Ensure the Executive Branch Complies with
        its Constitutional Duties, Statutes Must
        Prescribe the Executive Branch "Sufficient
        Control" Over Litigation in which the United
        States has an Interest to Survive a
        Constitutionality Challenge..................    3

    B.   35 U.S.C. § 292 Does Not Prescribe
        "Sufficient Control" Over a Private
        Litigant's False Marking Lawsuit.............    5

III.  CONCLUSION......................................    8

698706.1/44849

## TABLE OF AUTHORITIES

**Cases**                                                        **Page(s)**

*Buckley v. Valeo,*
    424 U.S. 1 (1976)................................. 3

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)............................. 3

*Morrison v. Olson,*
    487 U.S. 654 (1988).......................4, 5,  6, 7

Pequignot v. Solo Cup Co.,
    608 F.3d 1356 (Fed. Cir. 2010)................... 6

*Printz v. United States*
    521 U.S. 898 (1997)............................. 4

*Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.,*
    Civ. No. 5:10-cv-1912 (N.D. Ohio Feb. 23, 2011).. 2, 8


*U.S. ex rel. Stone v. Rockwell Int'l Corp.,*
    282 F.3d 787 (10th Cir. 2002)................... 4

*U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.,*
    41 F.3d 1032 (6th Cir. 1994).................... 4

*U.S. v. Health Possibilities,*
    207 F.3d 335 (6th Cir. 2000).................... 5


**Statutes**                                                     **Page(s)**

35 U.S.C. § 292...............................1, 2, 5,  6, 7, 8

U.S. Const......................................... 3

698706.1/44849

## I.   <u>INTRODUCTION</u>

Bruce A. Rogers ("Rogers") sued Tristar Products, Inc. ("Tristar") in the Eastern District of Pennsylvania under the federal "False Marking" statute, 35 U.S.C. § 292.  35 U.S.C. § 292 creates liability for marking "unpatented" articles as "patented," imposes a $500.00 per article "criminal" penalty, and permits "any person" to sue for the penalty, provided that proceeds are equally split with the U.S. Government. Specifically, 35 U.S.C. § 292 provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.  See 35 U.S.C. § 292(a).

In his Complaint, Rogers alleges that Tristar has falsely marked various products and advertising materials with the terms "Special Patented Technology," (see Complaint ¶10), "Special Patented Extraction Technology" (id., ¶¶ 9, 11), "Patented Extraction Technology" (id. ¶¶11, 12), "Patented Extraction Technique," (id, ¶12), and "Patented 3600 RPM Super Extraction Motor," (id.).

35 U.S.C. § 292 includes a *qui tam* provision, which states, on its face, that anyone can sue for the penalty and as a result of recent caselaw, there has been a substantial increase in false marking lawsuits.  In fact, over five hundred false

marking lawsuits were filed in 2010 by individuals and entities asserting the rights of the United States.[1,2]

Rogers sues as a *qui tam* relator under § 292(b) which states "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."   35 U.S.C. § 292(b).In accordance with the holding in *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.,*[34] Civ. No. 5:10-cv-1912, (N.D. Ohio Feb. 23, 2011) the Complaint filed by Rogers should be dismissed because 35 U.S.C. § 292(b) does not provide the government with any oversight or control and the delegation of standing by 35 U.S.C. § 292 to a *qui tam* relator is unconstitutional and invalid under the

---

1  This case is Rogers' fourth case of this nature in the Eastern District of Pennsylvania.

2  According to published reports, over 500 false patent marking cases were brought in the 12 months following the *Forest Group* decision.  In stark contrast, only 21 false patent marking cases were filed in the two year period prior to the *Forest Group* decision. *See* http://www.technologybar.org/2011/02/false-patent-marking-litigation-what-every-company-needs-to-know/

3  *See Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.* Civ. No. 5:10-cv-01912 (N.D. Ohio Feb. 23, 2011) (holding the delegation of standing by 35 U.S.C. § 292 to a qui tam relator is unconstitutional and invalid under the Appointments and Take Care Clauses of Article II of the United States Constitution

4  While the constitutionality issue was not raised by the defendant and therefore not before the court, the Federal Circuit considered the same proposition and expressly acknowledged that Section 292 might be vulnerable to such a constitutionality challenge. *See* Stauffer v. Brooks Brothers, Inc., 615 F. Supp. 2d 248 (Fed. Cir. 2010) CIBA Vision filed an Amicus brief addressing the issue. *Id.*  In another matter, one of the questions currently preserved for appeal by at the Federal Circuit is whether the False Marking statute violates the" Take Care Clause." See *United States ex rel. FLFMC v. Wham-O, Inc.*, No. 2:10cv00435, 2010 WL 3156162 (W.D. Pa. Aug. 3, 2010) (dismissing action for lack of standing under Article III because plaintiff had not "suffered any concrete injury-in-fact, and the government cannot assign its `sovereign injury' to a private plaintiff," without reaching Article II issue).

698706.1/44849

"Appointments" Clause and "Take Care" Clause of Article II of
the United States Constitution.

II.  **ARGUMENT**

    **A.   To Ensure the Executive Branch Complies with its
    Constitutional Duties, Statutes Must Prescribe the
    Executive Branch "Sufficient Control" Over
      Litigation in which the United States has an
    Interest to Survive a Constitutionality Challenge**

Article II of the United States Constitution prescribes the
Executive Branch's duties.  The "Appointments Clause" states
that the Executive "shall nominate, and by and with the Advice
and Consent of the Senate, shall appoint Ambassadors, other
public Ministers and Consuls, Judges of the Supreme Court, and
all other Officers of the United States."  U.S. Const. art. II,
§ 2.  The "Take Care Clause" of the United States Constitution
states that the Executive shall "take care that the Laws be
faithfully executed."  U.S. Const. art. II, § 3.  Case law has
declared that the "Take Care" clause contains the "Chief
Executive's most important constitutional duty" - the duty to
institute litigation as the "ultimate remedy for a breach of the
law."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992).
See also, *Buckley v. Valeo*, 424 U.S. 1, 138 (1976).

Thus, the Executive Branch, through the Attorney General,
is required to retain control over all litigation commenced
where the Government is the real party in interest.  *Buckley*,
424 US. at 138-139 (holding that litigation must be "subject to

the direction, and within the control of, the Attorney-General"
when it involves the United States).  Congress may not encroach
on the Executive Branch's law enforcement function when it
transfers that function to third parties beyond the control of
the Executive Branch.  *See Printz v. United States*, 521 U.S.
898, 923 (1997) (upholding separation of powers by holding that
assigning to state law enforcement officials the duty of
enforcing federal law is improper in part because the Executive
Branch "unity would be shattered, and the power of the President
would be subject to reduction, if Congress could act as
effectively without the President as with him, by simply
requiring state officers to execute its laws").  The Supreme
Court has determined that statutory delegation of the Executive
Branch's law enforcement authority is only permissible when the
statute grants the Executive Branch "sufficient control over the
[third party] to ensure that the President is able to perform
his constitutionally assigned duties."  *See Morrison v. Olson*,
487 U.S. 654, 696 (1988)[5] See also, *U.S. ex rel. Taxpayers
Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir.
1994) (applying the test set forth in *Morrison v. Olson* in a
constitutional challenge of the False Claims Act ("FCA"); *U.S.
ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787 805-07 (10th

---

5    In *Morrison v. Olson*, while the Court did not specifically address the "Take Care Clause." the Court
determined that the Ethics in Government Act of 1978 was unconstitutional because it allowed independent
counsel to initiate proceedings, investigate proceedings, and conduct grand jury proceedings conduct grand jury
proceedings, which curtailed the role of the Executive Branch. See Morrison v. Olson, 487 U.S. 654 (1988).

698706.1/44849

Cir. 2002) (applying the test forth in *Morrison v. Olson* in a constitutional challenge of the False Claims Act ("FCA") "at least where the Government intervenes.")

Although a *qui tam* statute grants authority for another to sue on behalf of the government, the government (even if unnamed) remains the real party in interest in a *qui tam* action. *U.S. v. Health Possibilities*, 207 F.3d 335, 341-342 (6th Cir. 2000). In accordance with the standard set forth by the Supreme Court in *Morrison v. Olson,* since the United States has an interest in *qui tam* actions, statutes that create such causes of action must give the Executive Branch sufficient control so it may comply with its Constitutional duties. 35 U.S.C. § 292 fails to adhere to this tantamount Constitutional standard by encroaching on the powers of the Executive Branch and transferring the authority to sue and collect damages in false marking actions. Clearly, the brief language of 35 U.S.C. § 292(b) prescribing that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States" fails to set forth sufficient controls allowing the Executive Branch to comply with its Constitutional duties.

### B.   35 U.S.C. § 292 Does Not Prescribe "Sufficient Control" Over a Private Litigant's False Marking Lawsuit

35 U.S.C. § 292 does not provide the Executive Branch the sufficient control over the relator's conduct.  Since the *qui tam* provision of the false marking statute does not meet the standard prescribed by the Supreme Court in *Morrison v. Olson*, 35 U.S.C. § 292 is unconstitutional under the "Appointments Clause" and "Take Care Clause" of the United States Constitution.

Rejecting the holding in United States District Court Eastern District of Virginia in *Pequignot v. Solo Cup Co.*[6] and stating that it does not find the analysis of the Virginia District Court persuasive, the United States District Court for the Northern District of Ohio has determined that the delegation of duties by 35 U.S.C. § 292 to a *qui tam* relator is unconstitutional and invalid under the "Appointments Clause" and "Take Care Clause" of Article II of the United States Constitution.  *See Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.* Civ. No. 5:10-cv-1912, (N.D. Ohio Feb. 23, 2011).

Noting that the issue of constitutionality of 35 U.S.C. § 292's *qui tam* provision was not an issue on appeal before the

---

6  See *Pequignot v. Solo Cup*, 640 F. Supp. 2d 714 (E.D. Va. 2009) (holding that "sufficient controls" standard prescribed by the *Morrison v. Olson* test does not apply).

Federal Circuit, in *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, Civ. No. 5:10-cv-1912, (N.D. Ohio Feb. 23, 2011) the court, citing the Federal Circuit's guidance that the "False Marking Statute is a criminal one, despite being punishable only with a civil fine"[7], declared that 35 U.S.C. § 292 must be reviewed in light of the standards prescribed by the court in *Morrison v. Olson. Id*. Specifically, the court decreed:

> [When] applying the Morrison "sufficient control" analysis to the False Marking statute, it is clear the government lacks sufficient control to enable the President to "take Care that the Laws be faithfully executed." As discussed, *supra*, unlike the FCA, the False Marking statute lacks any of the statutory controls necessary to pass Article II Take Care Clause muster. The False Marking statute essentially represents a wholesale delegation of criminal law enforcement power to private entities with no control exercised by the Department of Justice. *Id*.

The apparent complete lack of control provided to the Executive Branch in 35 U.S.C. § 292 flies in the face of public policy. Particularly, 35 U.S.C. § 292 as currently drafted (1) allows a private entity to file a criminal suit in the name of the United States without even obtaining consent or notifying the United States in any manner, (2) does not provide any control or oversight by the Department of Justice, (3) does not provide a right to intervene, (4) does not provide a right to limit the participation of the relator (5) does not have the right to stay to discovery which may interfere with the

---

7  See *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010) (citing S.Rep. No. 82-1979, 1952 U.S.C.C.A.N. 2394, 2424 (1952)). appealing *Pequignot v. Solo Cup*, 640 F. Supp. 2d 714 (E.D. Va. 2009)

government's prosecutorial rights, (6) does not provide a right of the United States to dismiss the action, and (7) allows the relator the ability to bind the government without any level of consent, involvement, or approval. *Id.* Recognizing that the penalty in false marking actions can be substantial the court concluded that decisions regarding cases of this nature "should be made by government attorneys who have no financial stake in the outcome of the litigation or settlement, not by private parties motivated solely by the prospect of financial gain. *See Id.* (emphasis added).

## III. CONCLUSION

Private plaintiffs are using 35 U.S.C. § 292 across the country for financial gain based on theoretical injury to the United States. Although the government is the real party in interest, the Executive Branch has no means of control over litigation under 35 U.S.C. § 292. Under 35 U.S.C. § 292, the government lacks sufficient control to enable the President to "take Care that the Laws be faithfully executed." The delegation of duties by 35 U.S.C. § 292 to a *qui tam* relator is unconstitutional and invalid under the "Appointments Clause" and

"Take Care Clause" of Article II of the United States

Constitution.  This action should be dismissed.

Dated:   March 10, 2011

Respectfully submitted,
CURTIN & HEEFNER LLP

By: _____
Allan D. Goulding, Jr.
Attorney I.D. #36789
250 North Pennsylvania Avenue
Morrisville, PA 19067
(215) 736-2521

Edward Bakos, Esquire
Bakos & Kritzer
147 Columbia Turnpike
Florham Park, NJ 07932
(908)273-0770

*Pro Hac Vice Petition
to be filed*