IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE A. ROGERS | : |
| Plaintiff | : CIVIL ACTION |
| v. | : |
| | : NO. 5:11-cv-01111-ER |
| TRISTAR PRODUCTS, INC. | : |
| Defendant. | : |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TRISTAR PRODUCTS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**I.   INTRODUCTION**

The Court should deny the motion to dismiss because the complaint meets the minimum pleading standards for a false marking claim under 35 U.S.C. § 292. Section 292 requires that a relator plead that there was a false patent marking and that it was done so with intent to deceive the public. Rogers has pled these elements with the required particularity under FRCP 8(a) and 9(b) to sustain his claim under Section 292.

**II.   FACTUAL BACKGROUND**

On February 16, 2011, Rogers, the *qui tam* relator in this action, filed a complaint against Tristar Products, Inc. ("Tristar") alleging false patent marking in violation of 35 U.S.C. § 292 (Docket No. 1). Rogers alleges that Tristar, a developer, manufacturer, and marketer of home appliances, fitness equipment, sports gear, and health and beauty programs, deceptively marked its Jack LaLanne Power Juicer (the "Power Juicer") line of products as having "patented technology" and caused injury to the public's interest in ensuring accurate information on the existence of patent rights in articles.

On March 10, 2011, Tristar filed a motion to dismiss the complaint under FRCP 12(b)(6) alleging that Rogers has failed to meet the specificity requirements for pleading a § 292 claim.[1] This is Rogers's brief in opposition thereto.

## III. LEGAL ARGUMENT

### A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff and determine whether, under a reasonable reading of the complaint, the plaintiff is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Two relatively recent decisions of the United States Supreme Court have clarified and amplified the application of this standard. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court held that to state a claim, the complaint must allege sufficient factual allegations "to raise a right to relief above the speculative level." 127 S.Ct. at 1965.[2] In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court, applying *Twombly*,

---

[1] On March 10, 2011, Tristar filed another motion to dismiss the complaint challenging the constitutionality of the qui tam provision of 35 U.S.C. § 292(b) as violative of the Take Care Clause and Appointments Clause of Article II the United States Constitution (Docket No. 5). Contemporaneously herewith, Rogers is submitting a separate brief in opposition to the motion to dismiss on constitutional grounds to address the fallacy of Tristar's arguments in that regard, and therefore, will not duplicate those efforts herein.

[2] Applying *Twombly*, a federal district court in the Third Circuit found that:
> We may not dismiss a complaint because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted.

*Simon Property Group v. Palombaro, et al.*, No. 08-1634, 2009 U.S. Dist. LEXIS 45814, at * 7, 2009 WL 1549293, at *3. (W.D.Pa. June 2, 2009) (citations omitted).

explained, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." 129 S.Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Using the *Iqbal* decision as a roadmap, the Third Circuit articulated a two-part analysis in evaluating whether allegations in a complaint survive a motion to dismiss. *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated, meaning the court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210-11 (citing *Iqbal,* 129 S.Ct. 1937, 1949). Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a plausible claim for relief. *Id.* at 211. A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. *Id.* (citing *Phillips,* 515 F.3d at 234-35).

Furthermore and more relevant to this action, the Federal Circuit has recently articulated the specific pleading standard for Section 292 claims, holding it was no different than an ordinary fraud claim under Rule 9(b). *In re BP Lubricants USA Inc,* ___ F.3d ___, 2011 WL 873147 at *2 (Fed. Cir. March 15, 2011). The court stated that a plaintiff must provide some objective indication to reasonably infer that the defendant was aware of the conduct complained of. *Id.* at *2. The relator in a false marking claim must plead with particularity the circumstances constituting fraud or mistake. *Id.*

**B.     The Complaint Meets the Particularity Requirements of Rules 8(a) and 9(b)**

Under the above analytical framework, Rogers has clearly met his burden under the

pleading standard of Rules 8(a) and 9(b). In order to succeed on a § 292 claim, a plaintiff is required to plead two elements which satisfy the standard articulated above. The plaintiff must plead that there has been a false patent marking as described in the statute. *See* 35 U.S.C. § 292(a). The plaintiff must also plead that the false marking was made with the intent to deceive. *Id.* Under the two-prong analysis of *Fowler*, Rogers has met his burden and the complaint shows a plausible claim against Tristar.

        1.    <u>The Complaint Contains Sufficient Factual Averments Regarding The False Marking and Intent to Deceive Elements.</u>

Under the first prong of the analysis, the court must simply accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210-11. Here, the conduct complained of is that Tristar has falsely advertised or held out to the public that its Power Juicer line of products has "Special Patented Extraction Technology" that "delivers up to 30% more juice than other juicers." (Compl. at ¶¶ 5-25; Docket No. 1). Rogers has alleged specific facts showing that Tristar has engaged in advertising that is clearly false and misleading.

The complaint alleges that Tristar is responsible for multiple infomercials, branding, packaging, internet advertising, and other media all of which falsely claim the "patented technology" of the Power Juicer. (Compl. at ¶¶ 9-12). Specifically, the complaint alleges that "Tristar uses the false markings, 'Special Patented Extraction Technology,' 'Patented Extraction Technology,' 'Patented Extraction Technique,' 'Patented 3600 RPM Super Extraction Motor,' and other statements regarding patented functions, to distinguish its Power Juicer from other similar juicers or blenders." (*Id.* at ¶ 18). Tristar "claims that due to various [the above referenced] patented functional means or methods the Power Juicer is superior to other juicers or blenders." (*Id.*).

The complaint specifically describes how, where, and when Tristar falsely marked its products. The complaint states that "[t]he website dedicated to the Power Juicer is rife with references to the 'Special Patented Technology,' including clips from various magazines, media and videos, which laud the Power Juicer line and its 'Special Patented Technology.'" (Id. at ¶ 10). Tristar's claim of having such "Special Patented Technology" is found in its website at "http://www.powerjuicer.com/index.php." (Id.). The false references to Tristar's products also appear on other places, including "www.powerjuicer.com, see e.g., http://www.powerjuicer.com/press/pr-2011-01h.php," and "tristarproductsinc.com/press/pr_2009_12b.html." (Id. at ¶ 11).

The complaint also shows that Tristar aired on television infomercials containing the false references. (Id. at ¶ 12). Tristar's infomercial containing the false references "aired on or about January 16, 2011." (Id.). Although not required, a screen shot showing Tristar's infomercial relating to the false references is attached to the complaint as an exhibit. (Id.; see exhibit "A" to the complaint).

The complaint describes why the markings were false and that Tristar knew about the false markings but decided to use the markings anyway. After Rogers's diligent search, he found only one patent relating to Tristar's Power Juicer. (Id. at ¶¶ 13-16). The complaint shows that the **sole patent** is, in fact, "[a] design patent issued in China as patent number ZL200630103339.0 on December 20, 2006 (the 'China Patent') relating to design aspects of one or more products in the Power Juicer line." (Id. at ¶ 13). "The China Patent is solely a design patent and **does not cover** any technology relating to the Power Juicer." (Id. at ¶ 15).[3]

---

[3] A design patent protects the appearance of a product, not its utility or technology. See the United States Patent and Trademark Office's website, which describes a design patent, at http://www.uspto.gov/web/offices/pac/design/definition.html: ("A design patent **protects only the appearance of the article** and not its structural or utilitarian features.") (Emphasis added).

5

(Emphasis added). In other words, the China Patent, the sole patent relating to the Power Juicer line, has nothing to do with any <u>technology</u> so claimed by Tristar. (*Id.* at ¶ 15). The complaint specifically describes that "the China Patent has nothing to do with the 'Special Patented Extraction Technology,' 'Patented Extraction Technology,' 'Patented Extraction Technique,' 'Patented 3600 RPM Super Extraction Motor,' or other patent markings used in advertisements for the Power Juicer." (*Id.*).

"Despite this [limitation of a design patent], Tristar has extensively advertised the Power Juicer line as having patented functions, including 'Special Patented Extraction **Technology**,' 'Patented Extraction **Technology**,' 'Patented Extraction **Technique**,' and 'Patented 3600 RPM Super Extraction **Motor**.'" (*Id.* at ¶ 17) (emphasis added). Such advertisement falsely claiming "patented technology" "is intentionally false and misleading to customers, consumers, competitors, and distributors." (*Id.*). Certainly, the complaint describes sufficient facts about Tristar's false marking with intent to deceive, which allow this Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

2.  <u>The Facts Pled Show a Plausible Claim for Relief.</u>

Under the *Fowler* framework, the Court must also determine whether the facts alleged in the complaint demonstrate that the plaintiff has a plausible claim for relief. *Fowler*, 578 F.3d at 211. In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. *Id.* (citing *Phillips*, 515 F.3d at 234-35).

The complaint sets forth sufficient facts to show, *plausibly*, that Tristar falsely marked its product with intent to deceive. Tristar has engaged in all-out media marketing blitz claiming the

Power Juicer as having a "Patented 3600 RPM Super Extraction Motor."[4] Given that the China Patent, a design patent, covers only the appearance or ornamental aspect of the Power Juicer, Tristar's claim of having a "patented motor" having "3600 RPM" is plainly false. Quite simply, Tristar cannot plausibly argue that the complaint does not show its intent to deceive.

Indeed, despite the general rule that malice, intent, knowledge, and other conditions of mind of a person may be averred generally,[5] the complaint includes specific factual averments showing that Tristar falsely marked its products with intent to deceive. The complaint shows how Tristar made a number of different advertisements with different patent marking proclamations over the years,[6] including the claim of having a "patented motor," which is plainly false. The complaint sufficiently shows that Tristar acted with intent to deceive (*see In re BP Lubricants*, ___ F.3d ___, 2011 WL 873147 at *4 (stating allegations that multiple revisions after expiration of patent would qualify to show intent)), especially given that a plaintiff need to prove the intent to deceive element only by a preponderance of the evidence standard. *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352-1353 (Fed. Cir. 2005).

C.      **There is a Sound Public Policy for the False Marking Statute**

Notwithstanding the inappropriateness of Defendant's *ad hominem* attacks on Rogers, false marking suits pursuant to 35 U.S.C. § 292 are not a windfall resource for individuals who have suffered no injury as Tristar argues. To the contrary, § 292 claims, and more generally, *qui*

---

[4] "RPM" means "revolutions per minute," a unit for measuring the speed at which something goes around in a circle. American Heritage College Dictionary (3d ed.); Macmillan Dictionary, www.macmillandictionary.com/dictionary/american/rpm.

[5] Rule 9(b) permits allegations based on "information and belief" when "essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." *Hollander v. Etymotic Research, Inc.*, 726 F. Supp. 2d 543, 555 (E.D.Pa. 2010) (citation omitted); *see also In re BP Lubricants*, ___ F.3d ___, 2011 WL 873147 at *2.

[6] Tristar has sold over "$300 million in sales" of the Power Juicer product lines as of the time the complaint was filed. (Compl. at ¶ 8).

*tam* claims, serve an invaluable whistle-blowing function in today's society.

The statute allows for private individuals to bring suit on behalf of the government, and has delineated the burden of prosecuting these cases in an efficient manner by doing so. The federal government does not have the resources to investigate each and every false marking claim and, instead, encourages private individuals to bring suit on its behalf. *See e.g., Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, 2011 WL 649998 (N.D.Ohio Feb. 23, 2011) (Polster, J.).[7] Successful *qui tam* plaintiffs are rewarded for their efforts by sharing in the recovery with the federal government. *See SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337, 1356 (Fed. Cir. 2009) *cert. denied*, 130 S. Ct. 3273, 176 L. Ed. 2d 1182 (U.S. 2010). Additionally, false marking suits serve an important function by imposing a penalty on violators. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302 (Fed. Cir. 2009). The statute acts as a deterrent to would-be violators who represent their product in a deceptive manner. *Id.* (stating false marking deters innovation and stifles competition in the marketplace).

Tristar's attempts to negatively characterize qui tam litigation, and in particular, Rogers's claims against it as nothing more than a money-grab are meritless and are not a proper basis for dismissal of the complaint. In particular, Tristar's accusations against Rogers when, in fact, this action was brought as a result of its illegal conduct are simply offensive. False marking suits are an invaluable resource as a matter of public policy. The fact that Rogers has uncovered Tristar's violation of the law should not result in his being cast in a negative light as Tristar attempts; to the contrary, Rogers's action serves a valuable function for society.

---

[7] Following the court's decision holding the *qui tam* provision of 35 U.S.C. § 292(b) unconstitutional, the Attorney General on behalf of the United States filed a motion to intervene as of right to seek reconsideration of the court's decision. In its motion, the government argues that the ruling is incorrect and that the statute is constitutional.

### D. In the Alternative, the Court Should Grant Rogers Leave to Amend

The Federal Circuit in *In re BP Lubricants* noted that district courts are "admonished to freely give leave to amend the pleadings when justice so requires." ___ F.3d ___, 2011 WL 873147 at *5. The court went on to state that it was particularly appropriate to allow leave to amend as the court had not previously opined on the applicability of Rule 9(b) to false marking claims. *Id.* If the Court is inclined in granting the motion to dismiss and given that the *In re BP Lubricants* decision was published just a couple of weeks ago,[8] Rogers should be given an opportunity to amend his complaint, if necessary.

### IV. CONCLUSION

For the forgoing reasons, Rogers respectfully requests this court deny Defendant Tristar Products, Inc.'s motion to dismiss. In the alternative, should the Court grant the motion in any aspect, Rogers respectfully requests leave to amend his complaint to conform to the standard articulated by *In re BP Lubricants*.

                                          Submitted by:

                                          WEIR & PARTNERS LLP

                                          By: /s/ Benjamin E. Schmidt
                                                Edward T. Kang
                                                Benjamin E. Schmidt
                                                Suite 500, The Widener Building
                                                1339 Chestnut Street
                                                Philadelphia, PA 19107
                                                (215) 665-8181
                                                *Counsel for Plaintiff Bruce A. Rogers*

Dated: March 28, 2011

---

[8] Until *In re BP Lubricants*, there was split authority on the pleading standard. *See e.g.*, Hollander, (providing differing opinions on pleading standard for § 292 claim).