IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | NO. 11-1111 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRISTAR PRODUCTS INC., | : | |
| | : | |
| Defendant. | : | |

FILED

NOV - 8 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF THE DISTRICT COURT THAT VACATING JUDGMENT MAY BE PREMATURE

**AND NOW**, this **7th** day of **November, 2011**, upon

consideration of Plaintiff's letter dated October 14, 2011, it is

hereby **SUGGESTED** that:

## I.    INTRODUCTION

Plaintiff Bruce Rogers ("Plaintiff") brings this qui

tam action against Defendant Tristar Products, Inc.

("Defendant").  Plaintiff alleges that Defendant falsely marked

one of its products as patented for the purpose of deceiving the

public in violation of the False Marking Statute, 35 U.S.C. §

292, and seeks recovery under a qui tam enforcement provision in

the statute that permits "[a]ny person [to] sue for the penalty."

Id. § 292(b) (2006) (amended 2011).  This Court granted

Defendant's Motion to Dismiss finding that "section 292(b) fails

to provide 'the Executive Branch sufficient control . . . to

ensure that the President is able to perform his constitutionally

assigned [duty]" to "take Care that the Laws be faithfully executed.'" Rogers v. Tristar Prods., Inc., No. 11-1111, --- F. Supp. 2d ----, 2011 WL 2175716, at *11 (E.D. Pa. June 2, 2011) (quoting Morrison v. Olson, 487 U.S. 654, 696 (1998); U.S. Const. art. II, § 3).

## II.   BACKGROUND

The Court is in receipt of a letter from Plaintiff addressed to the United States Court of Appeals for the Federal Circuit.  This letter asks the Federal Circuit to vacate this Court's judgment due to the enactment of the Leahy-Smith America Invents Act, H.R. 1249, 112th Congr. (1st Sess. 2011) (the "Act").  The Act amended 35 U.S.C. § 292 and eliminated the qui tam provision on which Plaintiff based his action.  Moreover, the Act applied this elimination retroactively.  See Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 16(b)(4), 125 Stat. 284, 329 (2011).  While Plaintiff withdraws his appeal, the Parties collectively request that the Federal Circuit vacate this Court's judgment because the Act renders Plaintiff's claim moot and it is the established practice of appellate courts to vacate judgment when a civil case has become moot.  See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).

## III. SUGGESTION

At the outset, the Court takes no position on whether an order directing this Court to vacate judgment or the grounds for requesting such action are proper, as such matters are within the province of the United States Court of Appeals for the Federal Circuit. The Court would like the record to reflect, however, its view that an order vacating judgment may be premature. The validity of the Act's qui tam exclusion is not settled law. Indeed, while the Court takes no position on the matter, one litigant has asserted that the Act's applicability to cases already pending is unconstitutional. See Brooks v. Dunlap Mfg., No. 10-4341, ECF No. 47 (N.D. Cal. Oct. 12, 2011). Specifically, that party argues that the Act deprives him of compensation for a vested property interest, in violation of the Fifth Amendment of the United States Constitution. See id. at 4. Moreover, the Federal Circuit has not addressed this issue. See FLFMC, L.L.C. v. Wham-O, Inc., No. 2011-1067, 2011 U.S. App. LEXIS 21224, at *3 n.1 (Fed. Cir. Oct. 19, 2011) (taking no position on constitutionality of amendments to § 292). Thus, the mootness of this Court's judgment is not certain.

To be sure, when a case is truly moot for reasons outside the parties' control, vacatur is appropriate. See id. at *3 (citations omitted). That is not the case here because the constitutionality of the Act's amendment to section 292 is not

- 3 -

certain. Thus, in this Court's opinion, the vacatur of this Court's judgment due to the America Invents Act is premature and would not serve the public interest. See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26-27 (1994) ("'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting))).

## IV. CONCLUSION

For the reasons explained above, the Court suggests that vacatur of its judgment in this case by the Federal Circuit may be premature.

**AND IT IS SO SUGGESTED.**

_____
EDUARDO C. ROBRENO, J.