# LAW OFFICES
# WEIR & PARTNERS LLP

THE WIDENER BLDG. – SUITE 500
1339 CHESTNUT STREET
PHILADELPHIA, PA 19107

(215) 665-8181
(215) 665-8464 FAX

Edward T. Kang
Member of PA, NJ and NY Bars

Direct Dial (215) 241-7764
E-Mail: ekang@weirpartners.com

November 10, 2011

*FILED*

*Order to be filed of record* — [handwritten annotation]

*[signature]* 11/14/11

**VIA NEXT BUSINESS DAY DELIVERY & FACSIMILE**

Mr. Jan Horbaly, Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: Bruce A. Rogers v. Tristar Products, Inc.
U.S.D.C. Eastern District of PA, Civil Action No. 5:11-cv-01111
Appeal No. 2011-1494, 1495

Dear Mr. Horbaly:

I am counsel for Plaintiff-Appellant, Bruce A. Rogers ("Rogers"), in the above-referenced matter. I enclose a copy of The Honorable Eduardo C. Robreno's Suggestion of the District Court that Vacating Judgment May Be Premature, which was filed in the district court on November 8, 2011.

Therein, Judge Robreno suggests that an order vacating the district court's decision in this matter, as had been proposed by the parties, would be premature given the uncertainty of the constitutionality of the Leahy-Smith America Invents Act, H.R. 1249, 112th Congr. (1st Sess. 2011) (the "Act"). *See* Suggestion at pp. 3-4. In particular, Judge Robreno notes that it has been argued that the applicability of § 16(b) of the Act, limiting private causes of action for false marking to individuals who have suffered a competitive injury, to cases already pending violates the Fifth Amendment of the United States Constitution and deprives a *qui tam* relator of compensation for a vested property interest. *Id.*, at p. 3 (citing *Brooks v. Dunlap Mfg.*, No. 10-4341, ECF No. 47 (N.D. Cal. Oct. 12, 2011) (a copy also enclosed).

Rogers agrees with the district court's suggestion that vacation of the decision is premature and, in fact, agrees that the Act's amendments operate as a taking without just compensation in violation of the Fifth Amendment.

In light of the same, Rogers respectfully withdraws his letter of October 14, 2011, in its entirety, and now suggests that the Court lift the present stay of the briefing schedule and allow appellate review of the district court's decision to proceed. If the Court determines that the district court erred as a matter of law in finding the *qui tam* provision of the false marking statute unconstitutional, as both Rogers and Defendant-Cross-Appellant, United States of America urge this Court to find, Rogers respectfully requests that, rather than remanding the case back to the district court, the Court afford him the opportunity to submit briefing to the Court on the constitutionality of the Act as applicable to this matter.

Respectfully,



Edward T. Kang

ETK:iam

cc: Allan D. Goulding, Jr., Esquire (via next business day delivery & facsimile/2 copies)
Edward Bakos, Esquire (via next business day delivery & facsimile/2 copies)
Gregory B. David, Esquire (via next business day delivery & facsimile/2 copies)
Adam Jed, Esquire (via e-mail)
Steven E. Angstreich, Esquire (via e-mail)
Bruce A. Rogers (via e-mail)
The Honorable Eduardo C. Robreno (Courtesy Copy) (via next business day delivery & facsimile/2 copies)