NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRUCE A. ROGERS,**
*Plaintiff-Appellant,*

v.

**TRISTAR PRODUCTS, INC.,**
*Defendant-Appellee,*

AND

**UNITED STATES,**
*Defendant-Cross-Appellant.*

---

2011-1494, -1495

---

Appeals from the United States District Court for the Eastern District of Pennsylvania in case no. 11-CV-1111, Judge Eduardo C. Robreno.

---

**ON MOTION**

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges*.

SCHALL, *Circuit Judge*.

**ORDER**

We construe Bruce A. Rogers' response to this court's September 23, 2011 order as a motion to dismiss this appeal and to vacate the decision of the United States District Court for the Eastern District of Pennsylvania.

On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011), amending 35 U.S.C. § 292 to eliminate the *qui tam* provision on which this action was predicated. This act included the following text regarding the effective date of this provision: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 16(b)(4), 125 Stat. 284, 329 (2011) ("the Act"). Accordingly, on September 16, 2011, the court ordered the parties to advise the court of the effect of this legislation on the status of the case.

On October 17, 2011, Rogers filed a response to this court's order. Rogers' response agreed that the Act rendered this appeal and the determinations of the district court moot. Accordingly, Rogers requests the court to vacate the district court's decision.

In light of the amendments to 35 U.S.C. § 292 and the parties' agreement on the effect of the Act under the facts and circumstances of this case, this appeal is dismissed as moot. Because the circumstance that rendered this case moot was the amendment of § 292(b) by Congress, over which the parties had no control, it is appropriate not only to dismiss the appeal but to vacate the district court's determination as well. 28 U.S.C. § 2106; *see Alvarez v. Smith*, 130 S.Ct. 576, 581 (2009) ("Applying this statute, we normally do vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing

none 'by a decision which . . . was only preliminary.'" (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950))); *Tafas v. Kappos*, 586 F.3d 1369, 1371 (Fed. Cir. 2009) ("Vacatur . . . is appropriate if the mootness arises from external causes over which the parties have no control" (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994))).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The district court's decision dismissing the case is vacated as moot.

(2) The case is remanded with instructions to dismiss.

(3) This appeal is dismissed.

(4) Each side shall bear its own costs.

(5) All other pending motions are moot.

FOR THE COURT

NOV 16 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Edward T. Kang, Esq.
Edward P. Bakos, Esq.
Douglas N. Letter, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 16 2011

JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _L. Bogen_   Date: 11/16/11